### CULLOM v. McKELVEY et al.

(Supreme Court, Appellate Division, First Department. February 11, 1898.)

NEGLIGENCE OF INDEPENDENT CONTRACTOR—LIABILITY OF EMPLOYER.

The owner of a building who had employed contractors to tear it down, but who had no connection with the work except that he was about the building every day, is not liable for the death of one employed upon the work by the contractors, the owner having in no way induced the deceased to enter upon such employment.

Appeal from trial term.

Action by Kate Cullom, as administratrix of the estate of Hugh Cullom, deceased, against John McKelvey and others. From a judgment of nonsuit as to defendant McKelvey, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

T. F. Hamilton, for appellant.
H. C. Smyth, for respondent.

PATTERSON, J. The plaintiff's intestate, a laborer employed in the demolition of an old building in the city of New York, was killed by such building collapsing, after some part of it was taken down. The defendant McKelvey was the owner of the premises, and he had employed the defendants Keegan & O'Keefe, as contractors, to do the work of tearing down the building. They were independent contractors, and the plaintiff's intestate was their servant. No relation of master and servant existed between him and the defendant McKelvey, nor did the latter in any way induce the plaintiff's intestate to enter upon the employment or to become engaged in the work. The cause of the fall of the building was the overweighting with brick of one of the floors. That was the result of the negligence of the contractors or of their servants. McKelvey owed the plaintiff's intestate no duty whatever. McKelvey was not doing the work nor in charge of it. All that is testified to about his being connected with it is that he was about the building every day. One of the witnesses did say that McKelvey was giving directions, but he immediately afterwards testified that he did not hear McKelvey give any directions. There was an entire absence of proof to connect McKelvey in any way with the subject-matter of the action, so as to make him liable.

The nonsuit as to McKelvey was properly ordered, and the judgment should be affirmed, with costs. All concur.